CHARLES D. MAY, ESQ. (Bar No. 129663)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403-3221**
Telephone:  (818) 205-9955
Facsimile:  (818)205-9944
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE MORONI, | ) CASE NO. 2:11-cv-02268-WBS-EFB |
| Plaintiff(s), | ) (Sacramento County Superior Court Case No. 34-2011-00098557) |
| v. | ) **AGREED ORDER OF PROTECTION** |
| LOWE'S HIW, INC. and DOES 1 to 20, | ) |
| Defendant(s). | ) |

## AGREED ORDER OF PROTECTION

It appearing to the Court that the Plaintiff and Defendant are in agreement that Lowe's HIW, Inc. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.     All documents produced or information disclosed and any other documents or records designated in good faith as "confidential" by the Defendant shall be revealed only to Plaintiff, counsel of record in this case, paralegals and

secretarial employees under counsel's direct supervision, and such persons as are

employed by counsel to act as experts or consultants in this action.  The

information considered as "confidential" and disclosed only in accord with the

terms of this paragraph shall include, without limitation, all of the Defendant's

policies and procedures, as well as personnel records, including disciplinary

records, identity, trade secrets, information relating to the processes, operations,

type of work, or apparatus, or the production, sales, shipments, transfers,

identification of customers, inventories, amount or source of income, profits,

losses, expenditures, or any research, development , confidential business or

financial information or any other information or documentation supplied by the

Defendant in response to Plaintiff's Interrogatories or Requests for Production.

Information and documentation considered "confidential" are subject to protection

under Local Rule 141 of the U. S. District Court - Eastern District of California,

Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of

Federal law.

2.    The disclosure of any of the foregoing categories of information

and/or documentation protected by this Order, including any confidential business

and financial information identified in Paragraph 1, will have the effect of causing

harm to the competitive and financial position of the person, firm, partnership,

corporation, or to the organization from which the information was obtained.

Unprotected disclosure of any of the above identified confidential information may

further expose Defendant to unwarranted annoyance, embarrassment, and/or

oppression.

3.    The parties request that this Stipulation pertaining to the disclosure of

confidential information exchanged during the discovery process be addressed by

way of a Court Order so that the information and/or documentation identified in

Paragraph 1 can be afforded protection by the Court pursuant to Rule 26 of the

**AGREED ORDER OF PROTECTION**

Moroni v. Lowe's HIW, Inc.
Case No. 2:11-cv-02268-WBS-EFB

1    Federal Rules of Civil Procedure and furthermore, so that this Stipulation can be

2    enforceable as a matter of law in the event of a breach.

3          4.    Counsel for Plaintiff shall use all documents and information

4    produced or disclosed by the Defendant solely for the purposes of preparation for

5    and trial of this action.  All documents or information designated as "confidential"

6    shall not be used for any commercial competitive, personal, or other purpose.

7    Under no circumstances shall information or materials covered by this Protective

8    Order be disclosed to anyone other than Plaintiff's counsel of record in this action,

9    paralegals, secretarial employees under counsel's direct supervision, such persons

10   employed to act as experts or consultants in this action, and the Court, court

11   personnel, and court reporters.  At the conclusion of the proceedings in this action,

12   all documents and information subject to this Order, including any copies or

13   extracts or summaries thereof, or documents containing information taken

14   therefrom, shall be returned to counsel for the Defendant.

15         5.    Prior to the disclosure of any documents designated as "confidential"

16   to individuals identified in Paragraph 2 above, each person to whom such

17   "confidential" documents and information are disclosed shall be provided with a

18   copy of this Protective Order and shall sign a written certification acknowledging

19   that he/she has read this Protective Order and agree to be bound by its terms. The

20   terms and form of the written certification are set forth as Attachment A to the

21   Protective Order.   Nothing in this paragraph shall be deemed to enlarge the right

22   of Defendant to conduct discovery of any of Plaintiff's experts, except solely with

23   respect to the ability of such expert to protect confidential information and

24   documents from re-disclosure.

25         6.    Such written certifications shall be maintained by Plaintiff's counsel

26   and, upon reasonable advance request by Defendant, shall be produced for

27   inspection, provided, however, that in no event shall the Plaintiff be required to

28

- 3 -

**AGREED ORDER OF PROTECTION**

reveal information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legally recognized privilege of non-disclosure, including, but not limited to, the disclosure of other identity of Plaintiff's expert consultants who have not been identified as expert witnesses in this action.

7.     Any persons receiving documents or information designated as "confidential" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If Plaintiff or any of Plaintiff's representatives, including counsel, inadvertently discloses any such "confidential" documents or information to persons who are not authorized to use or possess any such material, Plaintiff shall provide immediate written notice of the disclosure to Defendant.  If Plaintiff or Plaintiff's representatives, including counsel, has actual knowledge that confidential information or documentation is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, Plaintiff shall provide immediate written notice of the unauthorized use or possession to Defendant.  No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

8.     A party that files with the Court, or seeks to use at trial, material designated as "confidential," whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, and who seeks to have the record containing such information sealed, shall submit to the Court a Request to Seal Documents, pursuant to Local Rule 141 of the U.S. District Court -Eastern District of California.

9.     In accordance with Paragraph 6, the requesting party's Request to Seal Documents shall contain sufficient particularity with respect to the particular information and/or document and the basis for sealing to enable the Court to make findings required by Local Rule 141 of the U.S. District Court -Eastern District of

- 4 -

**AGREED ORDER OF PROTECTION**

1  California.

2       10.    This Order is subject to revocation and modification by Order of the

3  Court upon written stipulation of the parties, or upon motion and reasonable notice,

4  including opportunity for hearing and presentation of evidence.

5  **IT IS SO ORDERED.**

6       Entered this 5th day of March, 2012.

7

8

9                  EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

10

11  APPROVED FOR ENTRY:

12      signature on original

13  _____

14  Attorney for Plaintiff Jane Moroni

15      signature on original

16  _____

17  Attorney for Defendant Lowe's HIW, Inc.

18

19

20

21

22

23

24

25

26

27

28

**AGREED ORDER OF PROTECTION**

**Moroni v. Lowe's HIW, Inc.**
**Case No. 2:11-cv-02268-WBS-EFB**

1

## EXHIBIT A

2

## CERTIFICATION

3      I hereby certify my understanding that documents or information designated

4  as "confidential" is being provided to me pursuant to the terms and restrictions of

5  the Agreed Order of Protection filed on _____, 2012, in the U.S.

6  District Court - Eastern District of California, Case No.  ("Order").  I have been

7  given a copy of that Order and read it.

8      I agree to be bound by the Order.  I will not reveal the designated

9  "confidential" documents and information to anyone, except as allowed by the

10  Order.  I will maintain all such documentation and information designated as

11  "confidential," including copies, notes, or other transcriptions made therefrom, in a

12  secure manner to prevent unauthorized access to it.  No later than thirty (30) days

13  after the conclusion of this action, I will return the documentation and information

14  designated as "confidential," including copies, notes, or other transcriptions made

15  therefrom, to the counsel who provided me with the confidential documentation

16  and information.  I hereby consent to the jurisdiction of the U.S. District Court -

17  Eastern District of California for the purposes of enforcing the Order.

18      I declare under penalty of perjury that the foregoing is true and correct and

19  that this certificate is executed this ____day of _____, 2012, at

20  _____.

21                              By: _____

22                              Address:_____

23                                   _____

24                              Phone: _____

25

26

27

28

- 6 -

**AGREED ORDER OF PROTECTION**

**Moroni v. Lowe's HIW, Inc.**
**Case No. 2:11-cv-02268-WBS-EFB**