UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JANE MORONI, an individual,

Plaintiff,

v.

LOWE'S HIW, INC., and DOES 1-50, inclusive,

Defendant.

______________________________/

NO. CIV. 2:11-2268 WBS EFB

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

I. Factual and Procedural Background

On October 3, 2010, at about 7:00 p.m., plaintiff Jane Moroni went with her friend to defendant Lowe's HIW, Inc.'s retail store on Zinfandel Drive in Rancho Cordova in search of a fern. (Goodman Decl. Ex. D ("Moroni Dep.") at 21:11, 22:1-4, 22:8-9 (Docket No. 14-6).) She was wearing rubber flip-flops. (Id. at 23:10-24.) As she was perusing the second aisle, plaintiff paused to smell the pansies, but they had no scent. (Id. at 39:20-23.) While stopped, plaintiff noticed three strips

of water on the ground, each about one and a half to two inches thick and about three inches apart from the others. (Id. at 37:5-6, 37:10-12, 37:22, 38:6-7, 38:18-19.) They were streaming across the width of the aisle some two to three steps away from her. (Id. at 39:17.)

Plaintiff decided to cross the water by stepping in the dry gaps of concrete between each stream. (Id. at 41:24-25.) She successfully stepped over the first stream. (Id. at 41:22-42:1). After her left foot was over the second stream, she moved to bring her right foot over, but the heel of her flip-flop caught in the water. (Id. at 43:11-17.) She slipped and fell. (Id.)

Plaintiff filed suit in state court against defendant for premises liability. Defendant then removed the case to this court on the basis of diversity jurisdiction. (Docket No. 1.) Defendant now seeks summary judgment on all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 56.

II. Analysis

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material

fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

A. Dangerous Condition

In California, a store owner owes a duty to its patrons to "exercise reasonable care in keeping the premises reasonably safe." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001). The store owner is not the insurer of the safety of its patrons. Id. at 1206. However, to exercise ordinary care, a store owner must make "reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." Id. at 1205.

Defendant argues that it did not breach any duty to maintain its premises in a reasonably safe manner because no dangerous condition existed and plaintiff's fall was instead due only to her own carelessness in stepping "onto the water streams . . . with flip flop sandals." (Mot. 6:16-17; see id. at 5:12-

13, 11:4-5, 13:27-28.) Defendant supports its position with two facts: (1) plaintiff saw the water streams on the floor before she attempted to cross them, (Moroni Dep. at 37:5-9), and (2) expert testimony that the concrete surface of the store's nursery area is considered a "non-slip surface under wet conditions and offers safe traction for pedestrian use," (Wong Decl. ¶ 11).

Plaintiff disputes that her own actions caused her to fall. Plaintiff explains in her deposition that she slipped because of the water on defendant's floor.[1] (Moroni Dep. at 43:13-17.) Contrary to defendant's contention, she states that she proceeded with caution when she attempted to navigate around the streams of water. (Id. at 41:19.) It is also undisputed that there was water on the floor at defendant's store and that plaintiff fell. A reasonable finder of fact could therefore conclude that plaintiff did not cause herself to fall, but instead that the presence of the water on the nursery floor was a dangerous condition that caused her to slip. A genuine issue of material fact remains as to whether the water streams caused

---

[1] Plaintiff's expert has provided a declaration stating that he observed soil contaminants on the walkway at defendant's store that drained, with excess water, from plant containers. (Thompson Decl. Ex. B ¶ 4 (Docket No. 15-4).) He further states that the presence of enough soil contaminants in the water on the ground at the time plaintiff fell would make the floor slippery enough to have caused her to slip. (Id.) Defendant contests the admissibility of this expert testimony on Daubert grounds. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Because plaintiff's assertions that the water on store's floor caused her to fall is sufficient to create a disputed issue of fact, the court need not rely on this declaration. Any Daubert issues posed may therefore be resolved at the time of trial. Moreover, the court does not rely on either party's statement of undisputed facts or the photographs attached as "Exhibit C" to plaintiff's opposition. Thus, it need not decide the evidentiary objections made to that evidence.

plaintiff's fall. Accordingly, the court cannot grant summary judgment on the ground that no dangerous condition existed.

B. Open and Obvious Condition

A store owner has "no duty to warn of an obvious danger but . . . does have a duty to warn an invitee not only of conditions known by him to be dangerous but also of conditions which might have been found dangerous by the exercise of ordinary care." Beauchamp v. Los Gatos Golf Course, 273 Cal. App. 2d 20, 27 (1st Dist. 1969). "[T]he trier of the fact must determine any conflict as to whether or not the danger was obvious to the invitee." Id. at 36. Defendant argues that even if the water on the floor was a dangerous condition, it had no duty to warn plaintiff about it because she saw the water streams before she attempted to step through them and that it is common knowledge that flat soles increase the likelihood of slipping on wet surfaces. (Mot. 8:17-28.)

Courts have found that in some situations, water on wet pavement can be considered open and obvious as a matter of law. In Martinez v. Chippewa Enterprises, Inc., 121 Cal. App. 4th 1179, 1184 (2d Dist. 2004), the appellate court affirmed the trial court's ruling that water on a sidewalk and driveway, which plaintiff saw before stepping on it, was open and obvious. Likewise, in Matthews v. City of Cerritos, 2 Cal. App. 4th 1380 (2d Dist. 1992), the court concluded that a municipality was not liable for plaintiff's injuries, when he rode his bicycle down "a very steep, wet, grassy hill," id. at 1385, even though he knew the "hill was too steep and dangerous for bike riding," id. at 1383.

Here, however, the court cannot say that no reasonable trier of fact could find that the danger posed by the water was not open and obvious.[2] A customer at a store is focused on the wares displayed for sale, not on the floor, and is "more or less absorbed by the transactions which [she has] in mind." Moise v. Fairfax Markets, 106 Cal. App. 2d 798, 803 (2d Dist. 1951). In anticipation of such behavior, stores must exercise care that the floor and aisle are safe and fit for shopping. Id. Whether the water on defendant's nursery floor would be obvious to a customer perusing the aisles and focused on defendant's wares is open to dispute, especially given the expectations of shoppers that the store will be safe.[3] Cf. Pineda v. Target Corp., No. Civ. 08-0315 AG RNBX, 2009 WL 3244995, at *4 (C.D. Cal. Oct. 5, 2009) (holding that a reasonable finder of fact could find that the danger posed by a white, transparent liquid on the floor of a

---

[2] The fact that plaintiff saw the water streams before she attempted to traverse them would seem to go more to the issue of causation rather than to the question of whether the dangers posed by the water stream were open and obvious.

[3] Defendant cites several cases that are factually less similar to the present case than are Martinez or Matthews for the proposition that the streams of water posed such an obvious danger as to relieve the defendant of liability as a matter of law. See, e.g., Danieley v. Goldmine Ski Assocs., Inc., 218 Cal. App. 3d 111 (4th Dist. 1990); Edwards v. Cal. Sports, Inc., 206 Cal. App. 3d 1284 (2d Dist. 1988); Jones v. Freeman, 248 Cal. App. 2d 64 (4th Dist. 1967); Holcombe v. Burns, 183 Cal. App. 2d 811 (4th Dist. 1960); Delk v. Mobilhomes, Inc., 118 Cal. App. 2d 529 (2d Dist. 1953). Like Martinez and Matthews, these cases are not controlling because they fail to take into account the specific context of a retail store and customers' behavior therein. Furthermore, most were decided before Rowland v. Christian, 69 Cal. 2d 108 (1968), after which "the obvious nature of the risk, danger or defect . . . can no longer be said per se to abridge the invitation given by the possessor of land, or to derogate his duty of care, so as to make his liability solely a matter of law to be determined on a nonsuit." Beauchamp, 273 Cal. App. 2d at 33.

shopping aisle is not obvious).

Moreover, any knowledge plaintiff had about the water on the floor or the extra caution required by the shoes she wore is not dispositive. In Beauchamp, the plaintiff slipped and fell while walking in golf shoes with half-worn spikes across the defendant's veranda, a rough, troweled concrete surface, even though she knew that her footing would not be as stable as it would have been on grass. 273 Cal. App. 2d at 23-24. The route taken by plaintiff was not the only entrance to the golf club, id. at 24, and there were "no imperfections or defects in the concrete walk surface," id. at 24. Even though the plaintiff knew that golf shoes reduce one's traction, the court found that "in view of the invitation to use the walkway, she was entitled to consider it reasonably safe" and that "the question of her appreciation of the risk, or her imputed knowledge of it, is not so overwhelming as to properly permit a nonsuit." Id. at 34.

Here, likewise, there was an invitation to plaintiff to use the walkway in the nursery. No cones or other warning device alerted plaintiff that she should not walk through, or over, the water streams. Even supposing that the combination of the water on the ground and plaintiff's flat-soled shoes would have alerted her to some level of risk, the unknown extent of her understanding of the risk posed by the water streams precludes the court from finding that the condition was open and obvious or that she should not have attempted to cross the water as a matter of law.

C. Duty to Remedy the Dangerous Condition

Even if the risks posed by a dangerous condition are

open and obvious, a premises owner may have a duty to remedy the danger when "it is foreseeable that the danger may cause injury despite the fact that it is obvious (e.g., when necessity requires persons to encounter it) . . . ." Id. (quoting Osborn v. Mission Ready Mix, 224 Cal. App. 3d 104, 122 (4th Dist. 1990)) (emphasis in original). Here, as in Martinez, even if "[t]he palpable appearance of the wetness may itself have provided a warning of the slippery condition, excusing defendant from having to do so," "it may yet have been predictable that despite that constructive warning, the wet pavement would still attract . . . use." Id. at 1185.

Although plaintiff was not required to continue walking down the aisle, defendant has not shown that it was unforeseeable that guests shopping in the nursery would attempt to cross the water streams rather than turn around. It is not necessarily unforeseeable that patrons will take the easiest route, especially when there is no clear indication that they should not do so. Defendant has also not shown that it is unforeseeable that customers would wear flip-flops with flat soles and reduced traction. Thus, defendant has not shown as a matter of law that it was unforeseeable that someone would attempt to cross the aisle and slip as a result.

The extent of defendant's duty to maintain its premises in a safe condition turns on facts that remain undetermined. Defendant, as the moving party, has the burden to provide facts justifying a finding of no duty. The court cannot find from the evidence presented as a matter of law that defendant's duty did not extend to cleaning up the streams of water or preventing them

from flowing onto the floor in the first place. See Beauchamp, 273 Cal. App. 2d at 33 ("[W]hether a possessor of land even in respect to the obvious risk has acted reasonably in respect to the probability of injury to an invitee" is a question of fact.).

D. Assumption of the Risk

Under California law, the doctrine of "primary assumption of risk" operates as a complete bar to plaintiff's recovery when "by virtue of the nature of the activity and the parties' relationship to the activity, the defendant owes no legal duty to protect the plaintiff from the particular risk of harm that caused the injury." Knight v. Jewett, 3 Cal. 4th 296, 314-15 (1992). In contrast, in cases "where the defendant does owe a duty of care to the plaintiff, but the plaintiff proceeds to encounter a known risk imposed by the defendant's breach of duty," the doctrine of "secondary assumption of risk" "is merged into the comparative fault scheme, and the trier of fact, in apportioning the loss resulting from the injury, may consider the relative responsibility of the parties." Id. at 315.

"[W]hether the defendant owed a legal duty to protect the plaintiff from a particular risk of harm turns on the nature of the activity or sport in which the defendant is engaged and the relationship of the defendant and the plaintiff to that activity or sport." Gordon v. Havasu Palms, Inc., 93 Cal. App. 4th 244, 250 (2001) (citing Knight, 3 Cal. 4th at 313 ("[T]he question of the existence and scope of a defendant's duty of care is a legal question . . . and is an issue to be decided by the court, rather than the jury.")). In Knight, the court held that plaintiff could not recover in tort for injuries arising from

risks inherent in a game of coed touch football. 3 Cal. 4th at 320-21. The activity and risks inherent in playing physically demanding sports, however, are vastly different from the activity and risks arising from shopping in a hardware store. Here, plaintiff was not injured as a result of a risk inherent in the activity of shopping. Thus, the primary assumption of risk doctrine does not apply.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be, and the same hereby is, DENIED.

DATED: November 6, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE